ZACHARIAH ELKIN & WIFE *v.* F. B. QUINSBERRY.

Husband and Wife—Husband's Assignment—Wife's Agent—Separate Property.

After the assignment, those living in the immediate vicinity, who had an opportunity of being informed on the subject, saw no change in the manner of conducting the business, and the corn raised on the farm was sold by Elkins as his own property; it was not claimed by the wife, nor did he aver his agency when he sold it.

Held, that the corn sold by Z. Elkins was his own property.

APPEAL FROM CLARKE CIRCUIT COURT.

April 17, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

The evidence is not sufficient to authorize the conclusion that the cattle sold to Hodgkin were the property of Mrs. Elkin;

---

---

her husband contracted for the purchase of them, and it is not shown that they were paid for with her money.

Z. Elkin when he made his assignment in May, 1862, was the renter of his mother's farm, and had been for several years. After the assignment those living in the immediate vicinity and had opportunities of being informed on the subject saw no change in the manner of conducting the business, and the corn sold to Bush and Robinson raised on that farm was sold by Z. Elkin as his own property; it was neither claimed by the wife, nor did he aver his agency when he sold it; and even if the farm had been rented by the wife, and the surplus products raised on it would have been her separate estate, the evidence does not in this case show an actual and visible change in the relation of the tenancy, but conduces to the conclusion that Z. Elkin was the real renter, as he had been before the assignment. As, therefore, one of the notes of Mrs. Elkin for the land purchased by her was credited by a part of the price of the cattle and the corn, which must be regarded as the property of her husband, and the two sums were sufficient to pay appellee's debt, we see no error in the judgment, and the same must be affirmed.

*Simpson*, for appellants.
*Equiton*, for appellee.